UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

RICKY RONNELL EWING                                                                    PLAINTIFF

VERSUS                                             CIVIL ACTION NO. 1:16CV121-LG-RHW

DARLENA FROST                                                                          DEFENDANT

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Plaintiff Ricky Ronnell Ewing, proceeding *pro se* and *in forma pauperis*, filed a 42 U.S.C. § 1983 prisoner civil rights complaint alleging that Defendant Darlena Frost failed to prevent an assault on Plaintiff by two inmates on March 16, 2016. Doc. [1] & [7]. Defendant has filed a motion for summary judgment asserting that Plaintiff failed to exhaust administrative remedies. Doc. [20].

It has come to the attention of the Court that Plaintiff has, on not fewer than three occasions while incarcerated, brought a civil action or appeal under § 1915 which has been dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. Thus, for the reasons stated below, the undersigned recommends that plaintiff's *in forma pauperis* status be revoked pursuant to 28 U.S.C. § 1915(g).

### DISCUSSION

On April 26, 1996 the Prison Litigation Reform Act (PRLA), Pub. L. No. 104-134, 110 Stat. 1321 (1996) became law. The PLRA modifies the requirements for proceeding *in forma pauperis* in federal courts. Among other things, a prisoner's privilege to proceed *in forma pauperis* is revoked if he has, on three prior occasions during detention, had an action or appeal

dismissed as frivolous, malicious, or for failure to state a claim. 28 U.S.C. § 1915(g).[1] The Court must consider all actions which were dismissed as frivolous, malicious or which failed to state a claim, whether dismissed before or after enactment of the PLRA. *Adepegba v. Hammons*, 103 F. 3d 383, 386 (5th Cir. 1996)(counting as a "strike" a district court's dismissal, prior to enactment of the PRLA, of a frivolous § 1983 claim).

A review of Plaintiff's other lawsuits reveals that the following § 1983 lawsuits filed *in forma pauperis* have been dismissed: *Ewing v. Jone*, 1:15cv254-HSO-JCG (dismissed as malicious); *Ewing v. Cooley*, 1:15cv277-HSO-JCG (dismissed as legally frivolous and for failing to state a claim); and *Ewing v. Richie*, 1:16cv90-HSO-JCG (partial dismissal for failing to state a claim (Doc. [11])). A final judgment has been entered in all three of these lawsuits. Plaintiff has filed a notice of appeal in *Ewing v. Richie*, which remains pending. Nevertheless, the district court's dismissal in *Ewing v. Richie* counts as a strike for purposes of § 1915(g). *See Coleman v. Tollefson*, 135 S.Ct. 1759, 1763-64 (2015). Plaintiff has accumulated three strikes; therefore, his *in forma pauperis* status should be revoked, and he should be required to pay the full filing fee to maintain his lawsuit. *See Adepegba*, 103 F.3d at 387.

### RECOMMENDATION

The undersigned recommends that Plaintiff's *in forma pauperis* status be revoked and that the plaintiff be required within thirty (30) days of the adoption of this recommendation, to pay the Clerk of the Court the required filing fee or have this case dismissed for want of prosecution

---

[1] "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

under Fed. R. Civ. P. 41(b).

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report must serve and file written objections within fourteen (14) days after being served with a copy unless the time period is modified by the District Court.  A party filing objections must specifically identify those findings, conclusions and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive or general objections.  Such party shall file the objections with the Clerk of the Court and serve the objections on the District Judge and on all other parties.  A party's failure to file such objections to the proposed findings, conclusions and recommendation contained in this report shall bar that party from a de novo determination by the District Court.  Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed **factual findings and legal conclusions** that have been accepted by the district court and for which there is no written objection. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED, this the 15th day of March, 2017.

/s/ *Robert H. Walker*
ROBERT H. WALKER
UNITED STATES MAGISTRATE JUDGE